```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

RODNEY L. SNOW, JR. and
GAMALIEL TURNER                                         PLAINTIFFS


VS.                         CIVIL ACTION NO. 5:20-CV-174-DCB-MTP


VACTOR MANUFACTURING, INC.;
FEDERAL SIGNAL CORPORATION;
THURMAN ROBINSON; and JOHN DOES 1-10                    DEFENDANTS


<u>ORDER</u>

This matter is before the Court on Defendant Federal Signal Corporation ("Defendant")'s Motion for Summary Judgment [ECF NO. 13]. Having reviewed the Motion, supporting memoranda, and applicable statutory and case law, the Court finds as follows:

<u>Background</u>

This action arises out of a motor vehicle accident. Plaintiffs Rodney Snow, Jr. ("Snow") and Gamaliel Turner ("Turner") allege that Thurman Robinson ("Robinson")'s negligent actions and/or inaction caused a motor vehicle accident in which they were allegedly injured. [ECF No. 1-1] at 20. At the time of the accident, Robinson was driving a vehicle insured by Federal Signal Corporation. [ECF Nos. 14, 15]. Vactor Manufacturing, Inc. ("Vactor") is a subsidiary of Federal Signal Corporation. [ECF No.

1

14] at 2. Plaintiffs allege that Vactor and/or Federal Signal Corporation are vicariously liable for the alleged negligence of Robinson through the doctrine of respondeat superior.

## Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The movant has the initial burden of identifying the record evidence (or lack thereof) demonstrating the absence of a genuine dispute." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving litigant is then "required to bring forth significant probative evidence demonstrating the existence of a triable issue of fact." In re Mun. Bond Reporting Antitrust Litig., 672 F.2d 436, 440 (5th Cir. 1982). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002). A non-moving party's response must set forth specific facts showing that there is a genuine issue of material fact for trial. Union Planters Nat. Leasing, Inc. v. Woods, 687 F.2d 117, 119 (5th Cir. 1982).

"[T]he nonmoving litigant is required to bring forward significant probative evidence demonstrating the existence of a triable issue of fact." <u>In re Municipal Bond Reporting Antitrust Litigation</u>, 672 F.2d at 440. "To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda." <u>Moayedi v. Compaq Computer Corp.</u>, 98 F. App'x 335, 338 (5th Cir. 2004). The nonmoving party's response must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R. Civ. P.

Discussion

Defendant's Motion states that it is an undisputed fact that Robinson was an employee of Vactor acting within the course and scope of his employment with Vactor at the time of the accident and that Robinson was not an employee of Federal Signal. [ECF No. 14]. In support, Defendant has submitted Vactor's responses to requests for admissions and an affidavit by Paul Wittig, Vice President of Corporate Services at Federal Signal Corporation. [ECF Nos. 13-1, 13-2]. The Plaintiffs failed to respond or refute Defendant's assertion that it is an undisputed fact that Robinson was employed by Vactor and not Federal Signal Corporation at the time of the accident.  Plaintiffs' merely state: "This case is still in the discovery phase and the movant's motion should be

3

deferred so that the Plaintiffs may have the opportunity to uncover the true relationship between Defendants Thurman Robinson and Federal Signal Corporation – whether the doctrine of respondeat superior may apply." [ECF No 15].

Plaintiffs contend that the document labeled "Exhibit A" filed with their response indicates that Federal Signal Corporation was the employer of Robinson and was the insured of the vehicle driven by Robinson. [ECF No. 15]. Exhibit A states that Broadspire is handling the claims for "Federal Signal and its subsidiaries". [ECF No. 15] at 3. The document does not indicate that Federal Signal Corporation was the employer of Thurman Robinson as purported. Plaintiffs have failed to show that there is a genuine dispute as to a material fact.

Under Rule 56(d) the Court may defer the ruling on a motion for summary judgment "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "To be granted relief on a Rule 56(d) motion, the nonmoving party [at summary judgment] must show how the additional discovery will defeat the summary judgment motion, and this showing may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." Carder v. Cont'l Airlines, Inc., 595 F. App'x 293, 296 (5th Cir. 2014) (quoting McAlister v.

4

Livingston, 348 F. App'x 923, 940 (5th Cir. 2009)) (internal citations omitted). Plaintiffs have failed to show specified reasons they cannot present facts essential to justify their opposition. Furthermore, they have not shown how the additional discovery will defeat the summary judgment motion

"[T]he doctrine of respondeat superior, from which vicarious liability is derived, . . . specifically applies to an employer-employee relationship and holds employers liable in tort for the negligent actions of their employees, taken on behalf of the employer while in the course and scope of their employment." Cooper v. Sea W. Mech., Inc., 219 So. 3d 550, 553 (Miss. Ct. App. 2017) (quoting Thomas v. Cook, 170 So. 3d 1254, 1259 (Miss. Ct. App. 2015)). "An action against an employer based on the doctrine of respondeat superior is a derivative claim arising solely out of the negligent conduct of its employee within the scope of his or her employment." J & J Timber Co. v. Broome, 932 So.2d 1 (Miss. 2006). "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiary." Watters v. Wachovia Bank, N.A., 550 U.S. 1, 43 (2007) (quoting United States v. Bestfoods, 524 U.S. 51, 61 (1998)). Plaintiffs have failed to refute that Vactor is a subsidiary of Federal Signal Corporation and that Robinson was employed by Vactor and not by Federal Signal Corporation. As a parent company, Federal Signal cannot be

vicariously liable for the acts of Vactor's employees. Therefore, the Court hereby grants Defendant's Motion for Summary Judgment [ECF No. 13].

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [ECF No. 13] is GRANTED. Defendant Federal Signal Corporation is dismissed.

SO ORDERED this the 1st day of June, 2021.

                                         /s/ David Bramlette
                                         UNITED STATES DISTRICT JUDGE